IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT RODNEY HATCHER,                No. 2-04-cv-2596-MCE-GGH-P

    Petitioner,

  v.                                     <u>ORDER</u>

TOM L. CAREY, ET AL.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding with counsel, has filed this Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On August 10, 2005, the magistrate judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty (20) days.

///

1

1 The parties have filed Objections to the Findings and
2 Recommendations.
3     In accordance with the provisions of 28 U.S.C.
4 § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a
5 de novo  review of this case.  Having carefully reviewed the
6 entire file, the Court rejects the reasoning employed by the
7 magistrate judge in his Findings and Recommendations.  While the
8 Court does adopt the magistrate judge's ultimate recommendation
9 that Petitioner's Application for Writ of Habeas Corpus be
10 denied, it does so for different reasons as set forth below.
11     The magistrate judge's sole justification for recommending
12 that habeas relief be denied rests with his deference to this
13 Court's decision in <u>Sass  v. Cal. Bd. of Prison Terms</u>, 376 F.
14 Supp. 2d 975 (E.D. Cal. 2005), which found that the California
15 parole scheme for indeterminate sentences, as set forth in
16 California Penal Code § 2041, does not give rise to a federally
17 protected liberty interest.  While the magistrate judge requested
18 that this Court's <u>Sass</u> decision be reconsidered, the Ninth
19 Circuit's recent decision in <u>Sass v. Cal. Bd. of Prison Terms</u>,
20 2006 WL 2506393, at *4 (9th Cir. Aug. 31, 2006) makes any
21 reconsideration unnecessary given its holding that California law
22 does afford a constitutionally protected liberty interest in a
23 parole date.  Consequently, the Ninth Circuit's <u>Sass</u> decision
24 undercuts the magistrate judge's rationale for recommending that
25 parole be denied.
26     The magistrate judge goes on to find the Board of Prison
27 Terms 2003 decision, which concluded that Petitioner was
28 unsuitable for parole, to be not supported by "some evidence".

Consequently he recommends not only that this Court's <u>Sass</u> decision be reconsidered, but that the Court also proceed to grant the petition on its merits.

In denying Petitioner parole, the Board cited to several factors. First, it found that Petitioner's commitment offense, for kidnapping for the purpose of robbery and rape, demonstrated a callous disregard for suffering. Second, the Board referred not only to the victim's abuse during the underlying crime, but also his previous history of violence. Third, Petitioner's unstable social history was cited. (See Findings and Recommendations, p. 15).

While the magistrate judge concedes that Petitioner's actions were cruel and callous and that his kidnap victim was "terribly abused", he found that "unchanging factors" in Petitioner's past history had lost any predictive value as to whether Petitioner continued to pose an unreasonable risk of danger to society, or a threat to public safety if released from prison. (<u>Id.</u> at p. 16). Given his characterization of Petitioner's conduct while in prison as "non-problematic", the magistrate judge felt that the circumstances of Petitioner's commitment offense and his prior criminal record did not constitute "some evidence" on which to find Petitioner unsuitable for parole. (<u>Id.</u> at p. 18).

In <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir. 2003), the Ninth Circuit articulated the "some evidence" standard in finding that the requirements of due process are met in the context of parole if "some evidence", with an indicia of reliability, supports the Board's decision.

3

While the <u>Biggs</u> decision did note, in dicta,[1] that denying a prisoner parole based only upon the nature of his offense and his prior conduct would raise "serious questions" involving the prisoner's liberty interest in parole, and "could result" in a due process violation (<u>Id.</u> at 916-17), the Ninth Circuit recently revisited this issue more definitively in its <u>Sass</u> decision. The <u>Sass</u> court noted that denial of parole is justified if "there is any evidence in the record that could support the conclusion reached by the disciplinary board," and explained that "the some evidence standard is minimal." <u>Id.</u>, citing <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-56 (1985). <u>Sass</u> went on to observe that the Board based its finding that Sass was unsuitable for parole on the gravity of his convicted offenses in combination with his prior offenses, and stated unequivocally that "[t]hese elements amount to some evidence to support the Board's determination(to deny parole)." <u>Id.</u>

As stated above, in determining Petitioner unsuitable for parole the Board cited the vicious nature of the offense, and specifically noted that it "was carried out in an especially cruel manner" during which the victim was repeatedly defiled. The Board further considered Petitioner's record of violence and assaultive behavior and his unstable social history. In addition, the Board found that Petitioner had not "sufficiently participated in beneficial self-help" while in prison, explaining as follows:

---

[1] The <u>Biggs</u> court ultimately affirmed the denial of habeas relief on grounds that the Board's decision in that case was indeed supported by "some evidence". <u>Id.</u>

4

1
2
3
> "The prisoner needs to continue to participate in self-help in order to face, discuss, understand and cope with stress in a non-destructive manner. Until progress is made, the prisoner continues to be unpredictable and a threat to others."

4 (See Findings and Recommendations, p. 15).

5 Even aside from the potential merit of the Board's
6 determination that Petitioner's rehabilitation through self-help
7 was not yet sufficient, in the wake of the Ninth Circuit's <u>Sass</u>
8 decision this Court cannot agree with the magistrate judge's
9 determination discounting Petitioner's conviction offense, and
10 his prior criminal and social history, as evidence lacking any
11 indicia of reliability. Instead, the Board's reliance on those
12 factors here is no different than the Board's reliance on similar
13 factors in <u>Sass</u> that were found to uphold denial of parole.

14 Accordingly, IT IS HEREBY ORDERED that:

15 1. The Findings and Recommendations, filed August 10, 2005,
16 are rejected with respect to the magistrate judge's deference to
17 this Court's prior <u>Sass</u> decision, and with respect to his
18 conclusion that the Board's denial of parole to Petitioner
19 nonetheless violated due process. Said Findings and
20 Recommendations, however, are otherwise adopted in full.

21 2. Petitioner's Application for a Writ of Habeas Corpus is
22 denied.

23 DATED: October 10, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

5